McBRIDE, Judge.
Mary Mooney Gladgo-, the tenant of Earl O. Swafford, sues him for $300, of which the sum of $180 is claimed for treble damages for an alleged overcharge of rent, and $120 for attorneys’ fees. Defendant’s answer is a disavowal of indebtedness to plaintiff in any sum whatsoever; he reconvened for $20, which he claims plaintiff owes him for rent. A judgment dismissing both the principal and reconventional demands ensued after the trial in the court below. Only plaintiff has appealed, and as defendant has not made answer thereto, the reconventional demand has passed from the case.
The suit arises under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, §§ 1881 et seq. Section 205 of the act, as amended, 50 U.S.C.A.Appendix, § 1895, provides that any person who- accepts, receives, or retains any payment of rent at a rate in1 excess of that fixed by the Rent Director renders himself liable for the penalties fixed in the act. The penalty is trdble the amount of such overcharge, plus interest and 'also a reasonable attorney’s fee, as the court in its discretion may determine.
The verbal lease which is the subject of controversy affected the property designated as Box No. 166-A, Old Gentilly Highway. The defendant leased from the owner, for the sum of $50 a month, the whole of the property, which consists of one five-room house with garage, and one -two-room house, located on six and one-half acres of ground. The defendant in turn sublet the two-ro-om house to plaintiff commencing October 12, 1950, for $20 per month; defendant furnished electricity and 'water, and accommodated plaintiff with storage sp-ace in defendant’s home for miscellaneous furniture belonging to plaintiff. The occupancy of the two-room -house by plaintiff lasted until May 12, 1951, when she was ejected by the defendant. While plaintiff moved in on October 12, the parties, for some unexplained reason, consid- . ered that the rental month was from the 24th of one month to the 24th of the next.
It is conceded by all having an interest in the case that the maximum rent for the two-room house as fixed by the Rent Director is $10 per month. Defendant admits that he- demanded $20 per month for the accommodations and services above set forth.
Plaintiff, in attempting to make out her case, produced three rent receipts, the first of which reads:
“Dec 24th. till Jan 24th. Rec of Mrs. Gladgo $20 for house & electric light ending Jan 24th. Earl O. Swafford.”
The second receipt reads thus:
*358 “Jan 24th. Rec oí Mrs. Gladgo $20 rent on house & electric for lights ending February 24th. Earl O. Swafford.”
The third receipt, bearing date of May 6, 1951, is as follows:
“Bill pd in full. Earl 0. Swafford.”
Plaintiff produced no' receipt for the rent beginning on October 12 and November 12. She insists that she paid for those two months, but her testimony is challenged by defendant, who denies that he collected rent for the months beginning October 12 and November 12. Defendant contends that the first rent he collected was on December 24, 1950.
The court below saw and heard the parties testify, and concluded that the evidence of defendant as to nonpayment of rent for the two months was the more worthy of belief. A reading of the testimony does not formulate in our minds any belief that the trial judge erred in finding such fact, and under the circumstances the finding should not be disturbed.
Rent for the months beginning March 24 and April 24 was settled by compromise, when plaintiff’s furniture which was stored in defendant’s house, and which was almost worthless, was accepted by defendant in satisfaction of the unpaid rent, he knowing that he could recover nothing else from the plaintiff. Plaintiff has failed to show any overcharge in four months of the period in question.
But, in view of the first and second receipts above described, the conclusion is inescapable that on December 24, 1950, and again on January 24, 1951, plaintiff paid defendant $20, when the ceiling rental was but $10. The mere fact that electric current was furnished by defendant would not permit him to collect any additional amount per month, unless he obtained approval of the Rent Director, and there is no showing made that the Rent Director knew of or approved the extra charge for the electricity.
Defendant freely admits that he collected more than the ceiling rent for the two months, 'but insists that he received no rent for the first two months of the term, nor for the last two months, except some worthless furniture. He advances the theory that the $40 collected did not exceed the aggregate rent for the whole of the established rent for the six months, and therefore it cannot ,be said that there was an overcharge. With this line of reasoning we cannot agree. This was a verbal month to month lease, and each month must stand on its own bottom. The evidence is clear and convincing that for two of the six months, namely, the months ending January 24 and February 24, defendant collected more rent than he was legally entitled to have, and to that extent plaintiff has made out her case.
Section 205 of the act provides that the amount of damages to which the tenant is entitled is the amount of the overcharge, if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Viewing the record as a whole, and considering that the defendant did render the plaintiff other services, i. e., the storing of her furniture in his home, we do not think it should be said that he was in bad faith, and we are of the opinion that he has absolved himself from liability for multiple damages. We believe that a decree returning the overcharge to plaintiff, together with a $25 fee for her attorneys, would meet the ends of justice.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff and against the defendant for the sum of $20, with legal interest from judicial demand, and for the sum of $25 attorneys’ fees. Defendant-appellee is to pay the costs of both courts.
Reversed.